## Widershain v. Zurich General Accident and Liability Insurance Company, Ltd.

*Goldin & Goldin,* for plaintiff.

*Howard R. Detweiler,* for defendant.

SMITH, P. J., January 20, 1953.—This matter comes before the court on defendant's petition to take the depositions of plaintiff's wife, Ida Widershain.

On June 6, 1950, defendant issued to plaintiff a policy of insurance, no. B. S. 9055642, whereby it agreed to indemnify plaintiff against loss of money by burglary, robbery, theft or larceny. The policy contained a condition as follows:

"The insured, upon request of the company, shall render every assistance in his power to facilitate the investigation and adjustment of any claim . . . submitting himself . . . and members of his household to examination by any representative of the company under oath if required."

Plaintiff instituted an action claiming that on January 25, 1951, while the policy was in effect, cash in the amount of $3,310.01 of the United States was stolen from the premises of plaintiff by a person or persons unknown by plaintiff by larceny and burglary and that the burglary or theft was discovered at 10:30 a.m., January 26, 1951.

The answer of defendant states that before the suit was instituted and while the claim was being investigated, the wife of plaintiff made a statement to defendant that the money in question was her own personal property and not that of her husband, plaintiff. This

statement is now denied by plaintiff and he asserts the Act of May 23, 1887, P. L. 158, to the effect that a wife shall not be competent or permitted to testify against her husband. We do not believe that this act of assembly is controlling in this matter. Defendant merely wishes to ascertain whose money it was. If it was the wife's money, plaintiff would not be allowed to recover the loss. To determine this matter under the condition of the policy, supra, plaintiff must submit any member of his household to examination by defendant under oath. This he has failed to do. The fact that plaintiff has already been subjected to interrogatories, does not preclude the examination of the wife.

There is nothing in the discovery rules which restricts the party petitioner to the interrogatory of one person. It enjoys the right to have follow-up interrogatories to secure the necessary information for a defense from another person, to wit, the wife. As has been also said in DeSimone et al. v. City of Philadelphia (No. 2), 79 D. & C. 337:

"Defendant argues, first, that the intended deponents are within the jurisdiction of the court and are thus amendable to the legal process provided for the purpose of compelling their attendance at the trial of the action, and therefore their depositions should not be allowed prior to trial. It is plain that such an argument completely misconceives the function of the pretrial discovery procedure, which is to gather facts *before trial* for use in the preparation of the discoverer's case. Such a procedure is, by actual definition, a pretrial device and subject to none of the limitations prescribed elsewhere in the procedural rules with respect to depositions taken for use at the trial."

Defendant's petition is hereby allowed.